GUSTAVO, PLAINTIFF AND APPELLANT, *v*. MUNICIPAL ASSEMBLY OF GUÁNICA, DEFENDANT AND APPELLEE.

Appeal from the District Court of Ponce in Certiorari Proceedings.

No. 3255.—Decided May 31, 1924.

CERTIORARI—MUNICIPAL ORDINANCE.—The purpose of this certiorari proceeding being the annulment of a municipal ordinance and the defendant having shown that the said ordinance had been annulled by a subsequent ordinance, it follows that the appeal will serve no practical purpose.

ID.—ID.—ANNULMENT—REPEAL.—Although the words "annulment" and "re-

peal'' are defined and distinguished, the former as a judicial act and the latter as a legislative act (38 Cyc. 382), the fact is that the verb ''to annul'' is not given in jurisprudence a technical meaning and the same idea may be expressed in equivalent terms; so, therefore, a municipal ordinance ''to annul and leave without judicial effect'' another ordinance is a repealing ordinance which is not invalidated for the reason that only the courts have power to annul municipal ordinances.

ID.—ID.—APPEARANCE—ACQUIESCENCE—COSTS—DISCRETION OF COURT.—The defendant having appeared for the purpose of moving that the writ of certiorari be discharged, proving that the ordinance attacked had been repealed, such appearance amounts to acquiescence and the lower court exercised its discretion properly in not allowing costs.

The facts are stated in the opinion.

*Messrs. R. Arjona Siaca* and *J. Valldejuly* for the appellant.

*Mr. F. Colón Díaz* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from an order of the lower court denying a petition for a writ of certiorari to review an ordinance approved on August 23, 1923, by the Municipal Assembly of Yauco tending to restrict the holding of political meetings on Jiménez Square in that town, the petitioner alleging that the ordinance is unconstitutional in that it limits the freedom of speech and the right of the people to gather in peaceful assembly.

When this case was heard on the writ and return the defendant moved to dismiss the petition on the ground that another ordinance passed by the same assembly on December 26, 1923, annulled and made ineffective the previous ordinance now sought to be reviewed by certiorari.

As the only object of the petitioner was to obtain the annulment of the ordinance passed on August 23, 1923, when the municipal assembly passed the second ordinance annulling the first it *ipso facto* converted the issue raised in the petition for a writ of certiorari into an academic question whose decision would serve no practical purpose; therefore, the lower court did not err in denying the petition and impliedly vacating the writ that had been issued.

The appellant contends, however, that the municipal assembly acted without power in expressly annulling the previous ordinance involved in the certiorari proceeding, because it was a judicial faculty absolutely contrary to the power to repeal, which is a purely legislative faculty.

The objection of the appellant apparently rests upon a question of words in that the municipal assembly should have used the word "repeal" and not the word "annul" in referring to the first ordinance.

Although the words "annulment" and "repeal" are defined and distinguished, the former as a judicial act and the latter as a legislative act (38 Cyc. 382), the fact is that the word "annul" is not given a technical meaning in jurisprudence and the same idea may be expressed in equivalent terms, as was done in the ordinance by adding the phrase "and leave the ordinance without legal effect * * *," implying a repeal. "*Annul.* To abrogate, nullify, or abolish; to make void.—It is not a technical word and there is nothing which prevents the idea from being expressed in equivalent words; Woodson v. Skinner, 22 Mo. 23." 1 Bouvier's Law Dictionary, 201.

The appellant complains also that in denying his petition the lower court erred in not imposing the costs upon the appellee. He contends that the Act governing costs, as amended by Act No. 38 of November 19, 1917, exempts from the payment of attorney's fees only a defendant who may not have appeared in the action or proceeding, which is not the case here, for the defendant expressly appeared. Yet, in annulling its own ordinance and forestalling judicial action the municipal assembly only acquiesced in the appellant's petition and it appears that the lower court exercised its discretion correctly in disposing of the case without costs.

For all of the foregoing the order of January 3, 1923, must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.